Sam Franklin JOHNS, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 02–72328.
Agency No. A73–959–315.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2004.

Decided March 24, 2004.

Dominic E. Capeci, Esq., The Law Offices of Kaiser And Capeci, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Anh–Thu P. Mai, Deborah N. Misir, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM *

Sam Johns petitions for review from the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

Because the BIA did not conduct a de novo review of the case, we review the IJ's decision. *Alaelua v. INS*, 45 F.3d 1379,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1381–82 (9th Cir.1995). We review factual determinations for "substantial evidence," *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and afford legal determinations deference so long as they do not conflict with circuit precedent, *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). Because the IJ made no explicit credibility finding, we treat petitioner's testimony as true for purposes of this appeal. *Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000).

## I

■ Substantial evidence supports the IJ's finding that Johns was barred from asylum and withholding of removal because he participated in a firing squad that summarily executed a Karen prisoner of war. "The term 'refugee' does not include any person who ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Such persons are also barred from withholding of removal relief. 8 U.S.C. § 1231(b)(3)(B). "If the evidence indicates that the applicant engaged in [persecutory] conduct, he shall have the burden of proving by a preponderance of the evidence that he did not so act." 8 C.F.R. §§ 208.13(c), 208.16(c)(3).

In *Fedorenko v. United States,* 449 U.S. 490, 495, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981), the Supreme Court interpreted a similar provision of law, stating that

> an individual who did no more than cut the hair of female inmates before they were executed cannot be found to have assisted in the persecution of civilians. On the other hand, there can be no question that a guard who was issued a uniform and armed with a rifle and a pistol, who was paid a stipend and was regularly allowed to leave the concentra-

tion camp to visit a nearby village, and who admitted to shooting at escaping inmates on orders from the commandant of the camp, fits within the statutory language about persons who assisted in the persecution of civilians. Other cases may present more difficult line-drawing problems but we need decide only this case.

449 U.S. at 512 n. 34, 101 S.Ct. 737.

Johns' participation in the summary execution of the prisoner qualifies as persecution under the statute. Johns described the legitimate capture of a prisoner of war, followed by the illegitimate summary execution of that prisoner. In *Singh v. Ilchert,* 63 F.3d 1501 (9th Cir.1995), we distinguished between legitimate and illegitimate criminal prosecution and noted that "[w]hen a government exerts its military strength against an individual or group ... and there is no reason to believe that the individual or group has engaged in any criminal activity or other conduct that would provide a legitimate basis for governmental action, the most reasonable presumption is that the government's actions are politically motivated." 63 F.3d at 1508. The IJ's holding that the summary execution at issue in this case comes within the definition of persecution, as distinguished from more common "military actions" such as "the attacking of garrisons, the burning of cars, and the destruction of other property," *in re Rodriguez–Majano,* 19 I & N Dec. 811 (BIA 1988), is entitled to deference. Given the facts of the case and the evidentiary burden on the petitioner to show otherwise, substantial evidence supports a finding that the Karen prisoner of war was chosen as the target for ritual execution by the Burmese military because of his race or political opinion.

## II

Johns also challenges the BIA's summary affirmance under 8 C.F.R. § 1003.1(a)(7) as a violation of due process, as well as a violation of the BIA's own regulations governing streamlining. His due process challenge to streamlining is precluded by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

■ Under the BIA's regulations, a board member may summarily affirm a case where the result is correct, errors are "harmless or non material," and "(A) the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted." 8 C.F.R. § 1003.1(a)(7)(ii). Johns' regulatory challenge to streamlining in his case fails because these conditions are satisfied. The IJ's decision was correct, and there were no errors in the decision that were not harmless. The question of whether Johns affirmatively established eligibility for asylum and withholding of removal, apart from the question of whether he is barred from eligibility by having participated in persecution, was squarely controlled by existing precedent and did not involve a novel fact situation. Johns is ineligible for asylum and withholding of removal because he failed to establish either past persecution, *see Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc); *Ghaly v. INS*, 58 F.3d 1425, 1428, 1431 (9th Cir.1995), or a well-founded fear of future persecution, *see Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 n. 6 (9th Cir.2003) (citing *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000)). Although

the record establishes that he may be interrogated on his return to Burma, there have been no specific threats of more serious harm that might befall him, and the State Department report in the record weighs against his fears of such harm. This failure to establish eligibility provided a proper basis for summary affirmance, and it was not necessary for the BIA to cite those reasons under the streamlining regulations. 8 C.F.R. § 1003.1(a)(7)(ii).

PETITION FOR REVIEW DENIED